COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Henry Martin, claimant.

At the trial of a complaint, under the St. of 1869, c. 415, § 44, upon which barrels of intoxicating liquor were seized in the railroad station of the town of G., as kept for sale by H. M., H. M. appeared as claimant. *Held*, that evidence that the claimant kept a liquor shop on Duncan Street in G. was admissible, as was also evidence that upon one of the barrels had been nailed, with the claimant's approbation, a card, bearing on the outside the address of a person in another town, and next to the barrel the printed words "Bunker Hill Brewery. The trade supplied at the G. Agency, Dunton St., H. M., Agent."

COMPLAINT under the St. of 1869, c. 415, § 44, to the Police Court of Gloucester, alleging that intoxicating liquors were kept and deposited by Henry Martin in the baggage room of the depot of the Eastern Railroad Company, which were intended by him for sale in this Commonwealth contrary to law. A warrant was issued upon this complaint, and three barrels of liquors were seized. At the trial in the Superior Court, before *Scudder, J.*, Martin appeared as claimant.

William Cronin, the officer who made the seizure, was allowed, against the claimant's objection, to testify that he had known the

Commonwealth *v.* Intoxicating Liquors.

claimant for the last three or four years, as keeper of a shop and bar-room on Duncan Street, in Gloucester. He further testified that the claimant told him that he put up the liquor, and was sending it to John Tracy, a liquor dealer, of Boston, and that the witness found a card nailed upon one of the barrels, which he removed and produced in court. The claimant objected to the admission in evidence of the card, but the judge admitted it. Upon the face of the card, as nailed on the barrel, were these words in writing, " Mr. John Tracy, 85 Broad Street, Boston, Mass.," and on the other side, next the barrel, and not in sight, were these printed words, " Bunker Hill Brewery, Boston, XXX, XX, Amber Extra Pale and Stock Ales. The trade supplied at the Gloucester Agency, Dunton St., Henry Martin, Agent." The claimant asked the judge to instruct the jury that the printed words upon the card could not be used as evidence tending to show that he kept a place in Gloucester for the illegal sale of intoxicating liquors ; but the judge declined so to instruct the jury, and instructed them that the card should not be considered by them as evidence in the case at all, unless they were satisfied it was placed upon the barrel by the claimant, or by his agents and with his approbation ; and that, if satisfied of this, they might give the card such weight as in their judgment, under all the circumstances of the case, it was entitled to. The jury found that the liquors were kept in violation of law, and the claimant alleged exceptions.

*C. P. Thompson*, for the claimant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The evidence tending to prove that Martin, the claimant, had been for the last three or four years a keeper of a shop and bar room on Duncan Street in Gloucester was admissible, as well as what he said in regard to the liquors, and tended to show that he kept the liquors illegally. In connection with this the card was admissible, if placed on the cask by him or by his agents with his approbation, and it was for the jury to estimate the weight of all this evidence. The importance of the fact that Martin's shop was kept on Duncan Street, while he was described in the card as of Dunton Street, was for the jury.

*Exceptions overruled.*